# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TOMMY I. W.,[1] | : | Case No.  3:20-CV-521 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Tommy I. W. brings this case challenging the Social Security Administration's partially favorable decision of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #17), Plaintiff's Reply (Doc. #18), and the administrative record (Doc. #11).

## I.     Background

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1),

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials.  *See also* S.D. Ohio General Rule 22-01.

1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively filed his application for Disability Insurance Benefits on January 16, 2015 and for Supplemental Security Income benefits on August 17, 2015, alleging disability due to several impairments, including depression, bilateral arthritis knee pain, a back injury, and numbness in his feet. (Doc. #11, *PageID* #396). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon. The ALJ concluded he was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. *Id.* at 176-95. The Appeals Council granted Plaintiff's request for review, vacated ALJ Kenyon's decision, and remanded the case to an ALJ for resolution of several issues. *Id.* at 196-200. Upon remand, ALJ Kenyon held a second hearing and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since May 17, 2013, the alleged onset date.

Step 2: Since the alleged onset date of disability, May 17, 2013, Plaintiff has had the following severe impairments: a Left Knee Strain; Degenerative Disc Disease (DDD) of the Lumbar Spine; a Depressive Disorder; and Borderline Intellectual Functioning (BIF).

Step 3: Since May 17, 2013, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the

_____

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

2

Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), "light work … subject to the following limitations: (1) lifting 10-pounds frequently and 20-pounds occasionally; (2) standing and walking six hours per day; (3) sitting for two-hours per day; (4) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (5) no climbing of ladders, ropes, and scaffolds; (6) no work around hazards such as unprotected heights or dangerous machinery; (7) limited to performing simple, repetitive tasks involving only simple instructions and with an SVP of 1 or 2; (8) occasional, superficial contact with co-workers and supervisors (superficial contact is defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (9) no public contact; (10) no fast-paced production work or jobs which involve strict production quotas; and (11) limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next."

Since May 17, 2013, Plaintiff has been unable to perform any past relevant work.

Step 5:    Prior to February 5, 2018[3], transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled" whether or not Plaintiff has transferable job skills. Beginning on February 5, 2018, Plaintiff has not been able to transfer job skills to other occupations.

Prior to February 5, 2018, the date Plaintiff's age category changed, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

Beginning on February 5, 2018, the date Plaintiff's age category changed, considering Plaintiff's age, education, work experience, and residual

---

[3] Prior to the established disability onset date, Plaintiff was an individual closely approaching advanced age. On February 5, 2018, Plaintiff's age category changed to an individual of advanced age *See* 20 CFR §§ 404.1563 and 416.963.

functional capacity, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform.

(Doc. #11-2, *PageID* #s 64-74).  Based on these findings, the ALJ concluded that Plaintiff was not disabled prior to February 5, 2018, but became disabled on that date.  *Id.* at 75.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #11-2, *PageID* #s 65-75), Plaintiff's Statement of Errors (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #17), and Plaintiff's Reply (Doc. #18).  To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff]

of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.  Discussion**

In his Statement of Errors, Plaintiff raises a single assignment of error, which is that "the ALJ reversibly erred by finding [Plaintiff's] cane use not medically necessary." (Doc. #14, *PageID* #1342).   The Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. #17).

An individual's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC. *See* 20 C.F.R. § 404.1546(c).  While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x. 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.").

Additionally, an individual's RFC may be impacted by a requirement to use a hand-held assistive device.  However, if a cane is not medically required, it cannot be considered a restriction or limitation on an individual's ability to work. *Carreon v. Massanar*i, 51 F. App'x 571, 575 (6th Cir. 2002).  Social Security Ruling 96-9p addresses the use of an assistive device in determining RFC and the vocational implications of such devices:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

Soc. Sec. R. 96-9p, 1996 WL 374185, at *7 (Soc. Sec. Admin. July 2, 1996). Notably, evidence of a prescription for an assistive device is not alone sufficient to support a finding that it is medically required. *Ross v. Comm'r of Soc. Sec.,* No. 2:17-CV-169, 2018 WL 580157, at *6 (S.D. Ohio Jan. 29, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:17-CV-169, 2018 WL 1406826 (S.D. Ohio Mar. 21, 2018) (Marbley, D.J.) ("Thus, the undersigned rejects Plaintiff's contention that a doctor's prescription for an assistive device amounts to an opinion that a cane is 'medically necessary' within the context of evaluating claims for social security benefits."). Finally, the "burden to prove through clinical evidence that a cane is medically required" is on the plaintiff. *Baker v. Comm'r of Soc. Sec*., No. 2:19-CV-4323, 2020 WL 2213893, at *7 (S.D. Ohio May 7, 2020) (Morrison, D.J.) (quoting *Strain v. Comm'r of Soc. Sec. Admin.*, No. 5:12-cv-1368, 2013 WL 3947160, at *2 (N.D. Ohio Aug. 1, 2013)).

In this case, Plaintiff argues that the ALJ erred in not including a requirement to use a cane in Plaintiff's RFC. (Doc. #14, *PageID* #s 1346-48). In support of this argument, Plaintiff points to a notation in his treatment records from August 2, 2016 where Dr. Robert Petro indicated "cane Device; by Miscellaneous route daily." *Id*. at 1346 (citing Doc. #11-8, *PageID* #990). According to Plaintiff, the ALJ ignored this evidence and, instead, relied only on a treatment record from a year prior where Dr. Peter Baldwin indicated that Plaintiff "uses [a] cane" but that the cane was not "medically necessary." *Id*. (citing Doc. #11-7, *PageID* #721).

As reviewed above, in order to establish that a hand-held assistive device, such as a cane, is "medically required" the record must contain "medical documentation" that (1) establishes the need for the cane in walking and standing and (2) the specific circumstances under which the cane

6

was needed.  *See* Soc. Sec. R. 96-9p, 1996 WL 374185, at *7.  Further, the burden to present such medical documentation rests with the plaintiff. *See Baker*, 2020 WL 2213893, at *7 (quoting *Strain*, 2013 WL3947160, at *2).  In this case, Plaintiff has pointed to record that from August 2016 that appears to be a prescription for a cane, however, he has failed to point to any records demonstrating that the cane was "medically required." *See* Soc. Sec. R. 96-9p, 1996 WL 374185, at *7. As noted above, evidence of a prescription alone is simply not sufficient to warrant a finding that the cane was "medically required."  Indeed, no medical source offered an opinion or otherwise indicated that Plaintiff needed to use the cane and the specific circumstances in which the cane was needed.  Therefore, because Plaintiff has not pointed to medical documentation in the record demonstrating that his cane was medically required, any error the ALJ committed by failing to more thoroughly evaluate his use of a cane was harmless error.  *See Clevenger v. Comm'r of Soc. Sec*., No. 2:19-cv-4512, 2020 WL 2092387, at *9 (S.D. Ohio May 1, 2020) (Vascura, M.J.) (ALJ's failure to consider whether the plaintiff required an assistive device to ambulate was harmless error where the plaintiff was prescribed a cane only in response to her self-report of difficulty, which "fell short of the medical documentation establishing the need for a hand-held assistive device" under Soc. Sec. R. 96-9p); *Elliott v. Comm'r of Soc. Sec*., No. 2:19-CV-3445, 2020 WL 746597, at *9 (S. D. Ohio Feb. 14, 2020) (Vascura, M.J.), *report and recommendation adopted*, No. 2:19-CV-3445, 2020 WL 5797959 (S.D. Ohio Sept. 29, 2020) (Sargus, D.J.) ("even if the omission of any cane-related discussion was error, it was harmless error"; doctor's opinion that the plaintiff occasionally required the use of a cane on uneven surfaces was based on the plaintiff's self-report, which fell short of the medical documentation required).

Accordingly, to remand for a more substantive analysis and explanation of the alleged medical need for a cane would be pointless because "even a more substantive inquiry would yield the same result: that [Plaintiff] cannot demonstrate that [he] needs, as a matter of medical necessity," to use a cane. *Strain*, 2013 WL 3947160, at *3.

Additionally, substantial evidence supports the ALJ's determination that there was no medical evidence supporting a finding that the cane was medically necessary. In response to this determination, Plaintiff cites to numerous instances in the record where Plaintiff was treated for "antalgic gait, balance deficits, decreased range of motion, pain and tenderness to palpitation, and lower extremity weakness." (Doc. #14, *PageID* #s 1347) (citing Doc. #11-7, *PageID* #s 676-716, 758-797, 811-865). Plaintiff also points to many documented cases in his medical records where he continued using a cane. *See id*. at 1346 (citing Doc. #11-8, *PageID* #1088; Doc. #11-9, *PageID* #1332). Based on this evidence, Plaintiff asserts that there is evidence that the device is medically necessary *Id*. at 1346-47.

Contrary to Plaintiff's assertions, the record does not, in fact, include the necessary medical documentation to support a cane requirement. While Plaintiff can show that he uses a cane, this alone is insufficient to satisfy the medical documentation requirement. There is no dispute that Plaintiff has impairments that may impact his ability to walk or stand. The ALJ not only acknowledged this in his opinion, (Doc. #11-2, *PageID* #65), but also questioned Plaintiff at length regarding these impairments and their relation to his cane and walker usage at the hearing. (Doc. #11-2, *PageID* #s 94-100). Similarly, there is no dispute that Plaintiff has routinely been observed using a cane or reported using a cane. Nonetheless, the fact that Plaintiff has demonstrated that he

8

uses a cane does not compensate for the lack of "any clinical evidence [] unmistakably support[ing] that he *must* use a cane." *Krieger*, 2019 WL 3955407, at *4 (citing *Strain*, 2013 WL 3947160, at *2).  Even Dr. Petro's notation "cane Device; by Miscellaneous route daily" fails to provide an opinion as to the specific circumstances for which Plaintiff must use the cane let alone whether Plaintiff's use of the cane is "medically required."

Simply put, the evidence relied upon by Plaintiff in alleging that the ALJ erred in not including a cane limitation in the RFC is insufficient "medical documentation" to establish that his use of a cane was "medically required." *See* Soc. Sec. R. 96-9p, 1996 WL 374185 at *7; *see also Strain,* 2013 WL 3947160, *2 (holding that the plaintiff failed to "meet her burden to demonstrate through the use of clinical evidence that the cane is necessary"); *Scroggins v. Comm'r of Soc. Sec.,* No. 16-11913, 2017 WL 4230650, at *4 (E.D. Mich. Sept. 25, 2017) (ALJ's conclusion that plaintiff failed to establish need for a cane was reasonable, even though she testified she was prescribed a cane and documentation showed she received a cane, given there was no specific evidence in the record establishing that she needed the cane and no medical documentation describing circumstances in which a cane was required).

As set forth above, the record does not establish that Plaintiff's cane was medically required or the specific circumstances under which the cane was needed.  Substantial evidence supports the ALJ's decision to omit the need to use a medically required hand-held assistive device from the RFC finding.  Accordingly, Plaintiff's challenge to the ALJ's decision lacks merit.

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff's Statement of Errors (Doc. #14) is **DENIED;**

2.  The Commissioner's non-disability determination is **AFFIRMED**; and

3.  The case is terminated on the docket of this Court.

June 6, 2022                                  *s/Peter B. Silvain, Jr.*
                                              Peter B. Silvain, Jr.
                                              United States Magistrate Judge